RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2025 AUG 25 AM 10:40

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SALLY PRIESTER, M.D.<br><br>Plaintiff,<br><br>v.<br><br>**PUERTO RICO DEPARTMENT OF HEALTH**, et al<br><br>Defendants. | CIVIL No. 22-1035<br><br>CIVIL RIGHTS<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY TO DEFENDANT PRDH'S "RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT" (ECF 130)**

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Dr. Sally Priester, pro se, and respectfully states, alleges, and requests:

1. Defendant PRDH argues that Plaintiff's request to file a Second Amended Complaint should be denied, asserting that the court of appeal's dismissal of Plaintiff's appeal precludes the amendment to the complaint.

2. **The Eleventh Amendment is not at issue.** Plaintiff hereby asserts that she **does not seek monetary damages against Defendant PRDH**, only injunctive and declaratory relief. The Eleventh Amendment does nor protect Defendant PRDH from injunctive or declaratory relief in violation of Plaintiff's constitutional rights. This disposes of the inapplicable Eleventh Amendment immunity argument.

3. **The amendments requested are not futile.** After staying the interlocutory appeal for twenty-three months, the court of appeals improperly dismissed the appeal as moot, even though the curtailment of the First Amendment warrants urgent attention and resolution because the harm that results is presumed to be "irreparable."

4. Plaintiff has filed Petition for Certiorari 25-110, seeking the reversal of the court of appeals' erroneous decision. See Exhibit 1. The outcome of that case will substantially affect the outcome of this case. Plaintiff posits that this Court should abstain from further adjudicating any matter until SCOTUS adjudicates the Petition.

5. Plaintiff filed the Second Amended Complaint before any adjudication of that case prior to the tolling of the one-year statute of limitations to preserve her right to allege the civil rights violations by the individual capacity defendants responsible for the entry of Resolution 24-04.

6. The court of appeals did not confirm the legality of this Court's decision. Instead, it avoided passing judgment by concluding that the appeal had turned moot. The court of appeals did not conclude that this Court's denial of the preliminary injunction adhered to First Circuit precedent.

7. Most importantly, the amended pleadings contain undisputed facts that establish the irreparable harm that Plaintiff sustained through the illegal gag order issued against her, preventing her from publicly speaking about facts that have been confirmed to be accurate. These uncontroverted findings emerged from the House Report on the government's COVID-`19 response including, but not limited to: the futility of lockdowns, masks and 6-feet distancing, and the dangers of indiscriminate vaccination campaigns.

8. Without notice, hearing or an opportunity to be heard, Defendant PRDH issued Resolution 24-022 to permanently silence Plaintiff. A Resolution that has not been issued against any other physician in Puerto Rico. Defendant PRDH provided yet another reason for which this Court must provide redress.

9. History has proven Plaintiff right. Defendants not only erred by silencing Plaintiff in violation of her First Amendment rights, but it has now been proven that there was no reasonable

justification for it. They collective hysteria served to obliterate Plaintiff's rights as well as those of individuals that sustained vaccine injury or died because they were not allowed to listen to Plaintiff.

10. Federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976). To be sure, as a general rule, federal courts have jurisdiction to entertain suits seeking injunctive or declaratory relief under 42 U.S.C. § 1983.

11. The amendments to the complaint are not futile. They are justified. The court of appeals' unjustified stay of the appeal only served to prove Plaintiff right. Its delay gave way to the revelation of uncontested facts proving that the gag order contained in Resolution 21-04 turned out to be devoid of legal, ethical, or scientific basis.

12. The most prudent course of action for the Court is to STAY the proceedings until the Petition before SCOTUS in case 25-110 is adjudicated.

WHEREFORE, Plaintiff requests that this Court DENY Defendant's "Response to Plaintiff's Motion for Leave to File Second Amended Complaint" (ECF 130).

Respectfully submitted,

I CERTIFY: That on August 25, 2025 I filed in person this motion at the Office of the Clerk of the United States District Court for the District of Puerto Rico that notifies all attorneys of record by means of the Court's CM/ECF platform.

Dated: August 25, 2025.

Sally Priester, M.D.
PO Box 16106
San Juan, PR 00908
Tel. (305)746-3073
email: sallypriester@gmail.com