IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SALLY PRIESTER<br><br>    Plaintiff<br><br>v.<br><br>PUERTO RICO DEPARTMENT OF HEALTH AND VICTOR RAMOS<br><br>    Defendants | Case No. 22-1035 (SCC) |

**SUPPLEMENTAL MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

TO THE HONORABLE COURT

COMES NOW, DOCTOR VÍCTOR RAMOS OTERO, through the undersigned attorneys, and without waiving ant of his rights or defenses, very respectfully states and prays as follows:

1. The operative pleading is the Amended Complaint at docket 84, filed on May 26, 2022. The Amended Complaint contains three counts. Count 1 seeks a declaratory judgment "that the defendants, in their official capacities, have engaged in viewpoint discrimination" and "that the Department of Health is abridging her right to freedom of association also guaranteed by the First Amendment." See docket 84, ¶¶ 108-109. The title of Count II is "§ 1983 INJUNCTIVE RELIEF: PRECLUDING THE ENFORCEMENT OF THE GAG ORDER", and according to the prayer, asks that this Honorable Court permanently enjoin co-defendants from enforcing the alleged Gag Order. See docket 84, p. 24, Count II, p. 29, Prayer, ¶ 3. Count III, the final count, is titled "§ 1983 DAMAGES: INTENTIONAL DEPRIVATION OF FREEDOMS OF SPEECH RIGHTS AND CONSPIRACY TO DEPRIVE DR. PRIESTER'S FREE SPEECH RIGHTS AGAINST CODEFENDANT VICTOR RAMOS IN HIS INDIVIDUAL CAPACITY,"

and according to the prayer, asks for an award of compensatory damages against Dr. Ramos. See docket 84, p. 27, Count II, p. 30, Prayer, ¶ 7.

2. The Puerto Rico Department of Health and Dr. Ramos moved to dismiss the amended complaint. On August 10, 2022, this Honorable Court issued an Opinion and Order ruling it would abstain under *Younger* and thereby dismissed the amended complaint against The Puerto Rico Health Department. Regarding Dr. Ramos it also ruled it would abstain under *Younger*, but noted that because plaintiff had asserted a damages claim against Dr. Ramos, it could only stay the action against Dr. Ramos.

3. Plaintiff appealed, and her appeal was dismissed as moot. Thereafter she moved to amend her complaint again. On February 6, 2026, the Court issued another Opinion and Order (at docket 144) denying the motion to amend. In its order the Court addressed plaintiffs' requests for declaratory relief. At page 6 of its Opinion and Order, the court laid out the following two elements that plaintiffs' second amended complaint must have alleged in order to state a plausible Section 1983 claim: that (1) "the conduct complained of has been committed under color of state law, and [(]2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." See docket 144, p. 6, citing *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). According to the Court, the first prong is satisfied. "The second prong, however, is not." See docket 144, p. 6.

4. While the Court acknowledged that "the government usually may not impose prior restraints on speech" *Id.*, p. 7, citing *Houston Cmty. Coll. System v. Wilson*, 595 U.S. 468, 474 (2022)), the Court reasoned that "The challenged language used by the Board in Resolution No. 2024-22 does not impose any prior restraints on Dr. Priester's speech." *Id.* The Court further added:

> More fundamentally, the challenged language does not place any blanket restrictions or limitations on her speech, as it does not even mention her speech. Therefore, Dr. Priester has not plausibly pled that the challenged language in Resolution No. 2024-22 results in a violation of her First Amendment rights, which in turn, could warrant the issuance of a declaratory judgment deeming it "unconstitutional and unenforceable." Accordingly, allowance of the proposed "amendment would be futile." *D'Agostino v. ev3, Inc.,* 845 F.3d 1, 6 (1st Cir. 2016).

*See* docket 144, pp. 7-8.

5.  The above of course addresses Resolution No. 2024-22, and not Resolution No. 2021-04 which is the subject of the First Amended Complaint. But as this Court noted, in its Judgment the First Circuit confirmed that Resolution No. 2021-04 was moot because Resolution N. 2024-22 deemed said order moot. See docket 144, p. 8, citing to docket 119. As per the Court:

> This means that, the cease-and-desist order is no longer in effect and Dr. Priester is likewise no longer subject to whatever constraints the order may have placed on her speech. Simply put, the Board's determination to declare the cease-and-desist order as moot changed things. And that "change[] in circumstance [] extinguished any immediate and real effect" that could have called for the issuance of a declaratory judgment stating that Resolution No. 2021-04 abridged her constitutional rights. See Harris v. Univ. of Mass. Lowell, 43 F.4th 187, 192 (1st Cir. 2022).3 Since this claim is moot, the Court is divested of its jurisdiction to hear it, and the proposed amendment would be futile. *See Berge v. School Comm. of Gloucester,* 107 F.4th 33, 45 (1st Cir. 2024) (noting that "a moot dispute is not a live dispute, which makes a federal court's jurisdiction evaporate.").

*Id.,* pp. 8-9.

Simply put, Count II of the First Amended Complaint is moot (as is Count I).

6.  The third and last count pending against Dr. Ramos is the § 1983 claim for damages. The Court already ruled that plaintiffs' constitutional challenges to Resolution No. 2021-04 (i.e., the Gag Order) were moot. Since the Court cannot entertain a request under § 1983 for injunctive relief challenging Resolution No. 2021-04, it cannot grant damages under § 1983 because of Resolution No. 2021-04. Moreover, Dr. Victor Ramos did not issue or sign Resolution No. 2024-22. See docket 1, pp. 26-29. The two individuals who signed the Resolution

3

were Dr. Freddie Roman Aviles, President, and Dr. Veronica Rodriguez de la Cruz, Secretary. See docket 1, p. 30. Dr. Ramos did not even sign the certificate of service, which was signed by Carmen L. Alamo Del Valle, Legal Assistant. *Id.,* p. 30.

For all the reasons stated herein, in addition to those stated by Dr. Ramos in his motion to dismiss at docket 91, the dismissal of the first amended complaint against him is warranted.

WHEREFORE, DOCTOR VÍCTOR RAMOS OTERO respectfully requests that, ror all the reasons stated herein, in addition to those stated by Dr. Ramos in his motion to dismiss at docket 91, this Honorable Court dismiss the first amended complaint against him.

In San Juan, Puerto Rico, this 6th day of February, 2026.

I HEREBY CERTIFY that on this same date I uploaded a pdf version of this document to the Court's CM/ECF system, which will send notice of its filing electronically to all parties of record, through their counsel of record.

    Respectfully submitted,

**S/ FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ, ESQ.
Bar No.: 210510
E-mail: fecolon@colonramirez.com

**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (787) 425-4652
Fax: (787) 425-4731

4